IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


GEORGE ALVIN JONES,                    §
                                       §
        Petitioner,                    §
                                       §
v.                                     §         2:13-CV-0127
                                       §
WILLIAM STEPHENS, Director,            §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
                                       §
        Respondent.                    §


**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in

State Custody challenging a prison disciplinary proceeding that took place at the Jordan Unit in

Gray County, Texas.  Petitioner is no longer confined in the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ-CID) and has failed to provide the Court with his present

mailing address.[1]  The undersigned United States Magistrate Judge is of the opinion petitioner's

application for federal habeas corpus relief should be DISMISSED.


I.
BACKGROUND

On March 11, 2013, in Case No. 20130188480, petitioner was notified he was being charged

---

[1]Upon inquiry, TDCJ-CID advised the Court that petitioner discharged his 10-year holding sentence on January 22,
2016.

HAB54\DISCIP.R&R\JONES-127.dis-wop:2

with the prison disciplinary offense of refusing a housing assignment.  On March 13, 2013,

petitioner was found guilty of the charged offense.  Punishment assessed included the forfeiture of

twenty (20) days previously accrued good time.

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison

grievance system.  On April 16, 2013, relief was denied at Step 1 with the following response:

> Major disciplinary case 20130188480 has been reviewed.  All due process and
> procedural requirements were met.  The case was fair and consistent with the charge.
> The guilty verdict was supported by a preponderance of the evidence.  The punishments
> assessed by the Disciplinary Hearing Officer were within agency guidelines.  It is noted
> on the I-47MA why you did not receive a hearing within 24 hours of being placed in pre-
> hearing detention.  A preliminary investigation shall begin within 24 hours from the time
> the violation [is] reported and completed without unreasonable delay, unless there are
> exceptional circumstances for delaying the investigation.  The investigation into this
> disciplinary case was not conducted within 24 hours, but with a reasonable
> circumstance.  There is no valid reason to warrant overturning this case.

On June 11, 2013, relief was denied at Step 2 with findings that the disciplinary charge was

appropriate for the offense, the guilty verdict was supported by a preponderance of the evidence, all

due process requirements were satisfied, and the punishment assessed was within agency guidelines.

On July 2, 2013, petitioner filed the instant habeas petition challenging the disciplinary proceeding

decision.[2]

II.
PETITIONER'S ALLEGATIONS

Petitioner seeks to have the disciplinary proceeding decision overturned.  Because petitioner

has failed to provide the Court with his current address, an analysis of his claims is unnecessary.

---

[2]*See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed when the petitioner delivers it to prison officials for mailing).

III.

CLAIMS ARE MOOT

Recent inquiry to the Records Division of the Texas Department of Criminal Justice,

Correctional Institutions Division, revealed petitioner discharged his 10-year holding sentence on

January 22, 2016 and was released from state prison.  Petitioner has fully served and discharged his

sentence and is no longer in respondent's custody.  The relief sought in petitioner's habeas

application, *i.e.,* the reinstatement of the 20 days lost good time, cannot be granted.[3]  Since this

Court cannot grant petitioner the relief he seeks in his habeas application, the petition is moot under

the continuing case and controversy requirement and subject to immediate dismissal.


IV.

WANT OF PROSECUTION

Petitioner's last pleading in this case was filed September 5, 2013.  Petitioner has not

communicated with the Court in any manner with regard to this case since that date.  Petitioner

failed to advise the Court of his projected release, his actual release, or the discharge of his sentence,

and has not provided the Court with a change of address.  Three (3) separate mailings of court

documents forwarded to petitioner at his last known address have been returned with the notation,

"RTS [Return to Sender] Discharged."  Petitioner has abandoned this case or has neglected his case

to such an extent that it warrants immediate dismissal for want of prosecution.


V.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

---

[3]Petitioner's requested relief, "to have DHO Georgina Clowers' corrupt hearing methods documented in her permanent records," is inappropriate in this habeas proceeding.

District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner GEORGE ALVIN JONES be DISMISSED for want of prosecution and as moot.

VI.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____29th_____ day of February 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).